IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN and JOHN GAMANE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-01199-JDB-jay |
| | ) | |
| MIA DIAMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S AMENDED MOTION TO SUBSTITUTE PARTIES
AND DISMISSING CASE AS TO SUSAN GAMANE WITH PREJUDICE

Before the Court is the amended motion of Plaintiff, John Gamane, pursuant to Federal Rule of Civil Procedure 25, to substitute John Gamane, as Administrator of the Estate of Susan Gamane, as a Plaintiff in this action in place of Susan Gamane ("Decedent"), who is deceased. (Docket Entry ("D.E.") 61.) Defendant opposes the motion and has filed a response. (D.E. 62.) For the following reasons, the motion is denied and the claims brought by Susan Gamane are dismissed.

PROCEDURAL HISTORY

On March 22, 2024, Plaintiff filed a suggestion of death indicating that Susan Gamane died on March 15, 2024. (D.E. 50.) Thereafter, on June 11, Plaintiff moved to substitute the Estate of Susan Gamane as a plaintiff. (D.E. 55.) Because the Estate of Susan Gamane was not a proper party, the Court denied that motion without prejudice and gave Plaintiff two weeks to remedy the error. (D.E. 56.) However, John Gamane did not meet that deadline; thus, the Court entered an order to show cause as to why the claims of Decedent should not be dismissed because John Gamane had failed to move to substitute within the time provided. (D.E. 57.) On June 27, John Gamane responded to the order to show cause and moved for an enlargement of time to file a

motion to substitute (D.E. 58 & 59), which the Court granted and provided until July 3 to substitute. (D.E. 60.)  On July 2, Plaintiff filed the instant motion.  (D.E. 61.)  Defendant opposes the instant motion because John Gamane has not been appointed the administrator of Susan Gamane's Estate, no such Estate exists, and the motion to substitute is untimely.  (D.E. 62.)

## LAW & ANALYSIS

Federal Rule of Civil Procedure 25(a) mandates:

> If a party dies and the claim is not extinguished, the court may order substitution of the *proper party*.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.

Fed. R. Civ. P. 25(a) (emphasis added).  Under Tennessee law, which controls the capacity to sue in this situation under Federal Rule of Civil Procedure 17(b), the administrator of an estate is one who "has obtained letters of administration[.]"  Tenn. Code Ann. § 30-1-101.  Indeed, the law of Tennessee declares that no person who does not possess such letters, or letters testamentary, "shall presume to enter upon the administration of any deceased person's estate[.]"  *Id.*

Here, no Estate of Susan Gamane exists.  (D.E. 62-1.)  As such, there is no administrator of that entity and John Gamane possesses no letters of administration to act in that capacity.  *See* Tenn. Code Ann. § 30-1-101.  Accordingly, Plaintiff has not moved to substitute a proper party in place of Decedent despite multiple opportunities and extensions of time to do so, and it has now been over 100 days since the suggestion of death was filed, which exceeds the time permitted by Rule 25.  (D.E. 50); *see* Fed. R. Civ. P. 25(a).  Dismissal, therefore, is required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 25(a).

## CONCLUSION

For the foregoing reasons, the amended motion to substitute (D.E. 61) is DENIED and the action brought by Decedent, Susan Gamane, is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 11th day of July 2024.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE