IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN GAMANE, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-01199-JDB-jay |
| MIA DIAMOND, et al., | ) |
|     Defendants. | ) |

ORDER DISMISSING CASE FOR LACK OF STANDING & FAILURE TO PROSECUTE

On July 11, 2024, the Court dismissed all allegations brought by the deceased Plaintiff, Susan Gamane (Docket Entry ("D.E.") 63), and ordered the remaining Plaintiff, John Gamane, decedent's husband, to show cause why his action should not also be dismissed for failure to allege any injury (D.E. 64). Mr. Gamane has failed to respond. For the reasons that follow, this lawsuit is dismissed with prejudice based on two independent and sufficient grounds of lack of Article III standing and failure to prosecute.

**LAW & ANALYSIS**

I. **Article III Standing**

Federal courts possess limited jurisdiction. *See United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They may only exercise authority in cases to the extent authorized by Congress under the Constitution. *Id.* (quoting *Kokkenen*, 511 U.S. at 377). As relevant here, Article III of the Constitution solely permits the federal judiciary to hear active "Cases" or "Controversies." U.S. Const. art. III, § 2. Under the broad doctrine of justiciability, the Supreme Court has indicated that this Constitutional mandate requires that cases satisfy three elements to demonstrate standing: (1)

actual injury; (2) traceability; and (3) redressability. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (citation omitted). Furthermore, a case that overcomes these requirements at its outset may nevertheless become non-justiciable due to circumstances arising outside of the courtroom. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). If that occurs, the lawsuit becomes moot and must be dismissed. *Id.* (citing *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). Courts have an ongoing duty to assess the justiciability of cases before them and dismiss those that are not justiciable. *See Hyman v. City of Louisville*, 53 F. App'x 740, 742–43 (6th Cir. 2002).

One aspect of a justiciable case is whether the plaintiff can establish standing. *See id.* at 743 (citation omitted). To allege an actual injury sufficient to establish standing, the proponent's harm must be actual rather than hypothetical, concrete rather than abstract, and particularized rather than generalized. *See Bongo Prods., LLC v. Lawrence*, 548 F. Supp. 3d 666, 676 (M.D. Tenn. 2021) (quoting *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579–80 (6th Cir. 2014)).

Here, this case is no longer justiciable. All allegations related to Susan Gamane have been dismissed (D.E. 63) and the averments related to her husband do not demonstrate that he suffered a specific, particularized injury separate and apart from that allegedly sustained by his wife. (D.E. 28.) The amended complaint alleges five causes of action. (D.E. 28.) In each, Plaintiff essentially seeks to "piggyback" onto the (now-dismissed) claims of his wife. (*Id.*); *cf. Fox v. Saginaw Cnty.*, 67 F.4th 284, 294 (6th Cir. 2023) (acknowledging that class members cannot ride on the coattails of others to establish standing but must suffer an individualized injury). From the Court's review of the amended complaint, there is no allegation that Gamane himself suffered an injury apart from his wife's. (D.E. 28.) He was not evicted, fined, or denied any right by Defendants, even if his

2

wife purportedly suffered those injuries.[1] (*Id.*) Gamane may not merely claim to have suffered indignities because his wife did. *See Fox*, 67 F.4th at 294. And, importantly, because he failed to respond to the order to show cause, Gamane has forfeited his opportunity to explain which specific allegations related to him. (D.E. 64.) Without more, the undersigned cannot discern a single actual, concrete, or particularized injury he endured. Accordingly, Plaintiff has not met his burden to establish the elements of Article III standing, and, as such, this Court lacks jurisdiction.

## II. Failure to Prosecute

The most recent order to show cause is the second order to which Plaintiff has failed to take action or respond to without offering any justification. (D.E. 57 & 64.) In the latest directive, the Court cautioned that "[f]ailure of [John Gamane] to fully and timely respond to this order may result in this case being dismissed." (D.E. 64.) Thus, he has been on notice that his failure to cooperate with this Court's orders could result in termination of his lawsuit and yet he still neglected to respond. (*Id.*) Plaintiff's counsel has used the electronic filing software utilized by the Court throughout this lawsuit, so it appears that counsel knew (or should have known) that the Court had issued an order to show cause.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action where "the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal, absent an indication to the contrary, "operates as an adjudication on the merits." *Id.* The determination of whether to dismiss a lawsuit for failure to prosecute is left to the discretion of the district court as it is a function of the trial court's ability "to manage its docket and to avoid unnecessary burdens on the court and opposing parties." *Palasty v. Hawk*, 15 F.

---

[1] Indeed, the amended complaint acknowledges that Defendants explicitly informed Plaintiff that even if they evicted his wife from their apartment, he would be free to stay on the premises. (D.E. 28 at PageID 209.)

3

App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  In deciding whether dismissal is appropriate, a court is to consider four factors: "[Whether] 1) the failure to cooperate with the court's orders was willful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered." *Id.* (citing *Knoll*, 176 F.3d at 363).

Here, dismissal for failure to prosecute is appropriate and necessary.  First, Plaintiff has now failed on two separate occasions to respond to orders of this Court.  These omissions indicate that the failure to respond has been willful.  Second, the Defendants have been prejudiced because Gamane's failure to proceed in pursuit of his claims has prevented this Court from resolving Defendants' pending motion for summary judgment.  Regardless of the outcome of that motion, Plaintiff's delays and failures to follow the Court's orders have certainly prolonged this litigation and delayed a ruling on Defendants' motion.  Third, as mentioned, the Court warned Plaintiff in its latest order to show cause that failure of him to respond could result in dismissal, so Gamane was aware of the possible consequences.  (D.E. 64.)  Lastly, although the undersigned considered less severe sanctions, it does not find that any sanction other than dismissal is appropriate.  Plaintiff has shown that he cannot abide by this Court's orders in a timely fashion.  As such, less severe sanctions would only permit Gamane to continue to disregard the Court's directives.  Therefore, this action will be dismissed for failure to prosecute.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED WITH PREJUDICE for want of jurisdiction and failure to prosecute.  The pending motion for summary judgment (D.E. 46) is DENIED as moot.  The Clerk is DIRECTED to remove all settings related to this action from the Court's calendar.

      IT IS SO ORDERED this 26th day of July 2024.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE
